**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, et al ,       Plaintiff, <br>v.<br><br>THE FINEST CONSTRUCTION, et al       Defendants. | Civil Action<br><br>2:16-CV-02450-SDW-SCM<br><br>**PRETRIAL SCHEDULING ORDER** |

      **THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on June 28, 2016; and for good cause shown:

      **IT IS** on this Tuesday, June 28, 2016,

      **ORDERED THAT**:

### I.    DISCLOSURES

**1.** Fed.R.Civ.P. 26 initial disclosures shall be exchanged on or before 7/12/2016. If parties are served or joined after this scheduling order, such parties must make their initial disclosures, and all other parties provide their disclosures to the new party within 30 days. Fed.R.Civ.P. 26(a)(1)(D).

### II.    DISCOVERY

**2.** Fact discovery is to remain open through 12/30/2016. No *discovery* is to be issued or engaged in beyond that date, except upon application and for good cause shown.

**3.** Each party may serve upon each other party a) their twenty-five (25) single question interrogatories and b) requests for production of documents no later than 8/2/2016, which shall be responded to **within thirty (30) days of receipt**. If served prior to the initial scheduling conference, responses are due within 30 days of the conference. Each party may also serve requests for admissions. The propounder of any discovery request shall identify any deficiency with the responses in writing within 30 days of receipt.

**4.** The number of fact depositions to be taken by each side pursuant to Rules 30 and 31 shall not exceed **twelve (12)**. No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. *See* Fed.R.Civ.P. 32(d)(3)(A). No instruction not to answer shall be given unless privilege is implicated.

**5.** No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court. Counsel "shall confer" in good faith and attempt to informally resolve any discovery disputes before seeking the Court's intervention.

L.Civ.R. 37.1(a).  Should informal efforts fail within 10 days of the occurrence of the dispute, the dispute shall immediately be brought to the Magistrate Judge's attention via a **joint dispute letter** filed on ECF not to exceed 6 pages that sets forth: (a) the request; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believe the response is sufficient.  Courtesy copies of exhibits should be mailed to chambers.  If the dispute is complex and requires the filing of briefs and affidavits, counsel may separately file and mail same on the date of their joint dispute letter.  No further submissions regarding the dispute may be submitted without leave of Court.  Thereafter, the Court will schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) if necessary to resolve the dispute.  *See* L. Civ. R. 16.1(f).

### III.  DISCOVERY CONFIDENTIALITY ORDERS

**6.**  Any proposed confidentiality order agreed to by the parties must strictly comply with Fed.R.Ci.P. 26(c) and Local Civil Rule 5.3. See also *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *Glenmede Trust Company v. Thompson*, 56 F.3d 476 (3d Cir. 1995).  Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order."  The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered.  Any such order must be clearly designated **"Discovery Confidentiality Order."**  *See* Local Civil Rule 5.3.

### IV.  FUTURE CONFERENCES

**7.**  There shall be a telephone status conference on 9/13/2016 **at 10:30 a.m.** Counsel for plaintiff shall initiate the call.  If there is no pending dispute letter, the parties will file a joint agenda letter (up to 3 double spaced pages) 8 or more days prior to the conference itemizing the issues, if any, including settlement that need to be discussed in the upcoming conference.

**8.**  The Court may from time to time schedule conferences as may be required, either *sua sponte* or at the request of a party.

**9.**  Counsel should be prepared to discuss settlement at every conference with the Court.  The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must either attend or be immediately available by telephone.  In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

**10.** Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

**11.** A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

### V.     MOTIONS

12.   Leave is not required for Rule 12(b) motions, motions to seal, or motions to admit *pro hac vice*. No other motions are to be filed without prior written permission from this Court. All dispositive motions must first be subject to a dispositive motion pre-hearing. Discovery must be completed prior to the filing of a dispositive motion. These prerequisites must be met before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with Local Civil Rules 7.1(b) and 56.1.

**13.**   If there is consent for a proposed pleading file the amended pleading with a stipulation per Rule 15(a)(2) via ECF.  If there is no consent:

> a. The party seeking leave shall first seek consent by presenting counsel for the adversary with 1) the proposed pleading, 2) a redlined (or track changes) version of the proposed pleading, and 3) a stipulation.  The recipient shall either consent or provide its objection(s) supported by a letter brief to the requester within 14 days.  The requester will then either draft a new proposal and restart the process or provide its response supported by a letter brief within 10 days.  This process should be repeated until there is either consent or an impasse.

> b. Impasse.  If there is an impasse after a bona fide effort to resolve the dispute, the party seeking to amend or supplement shall request leave to file no later than 9/16/2016.  The request for leave shall include 1) the proposed pleading, 2) the redlined (or track changes) version of the proposed pleading, 3) the respective letter briefs regarding futility, and 4) a proposed form of order. See L.Civ.R. 7.1(f).  If a party seeks to file a motion to amend or supplement after the specified date, the party must show good cause why the application could not have been done earlier.

14.   Dispositive motions, if any, are to be filed by [**TO BE DETERMINED**].

## VI. EXPERTS

15. The names and subject of expected testimony of all affirmative expert witnesses shall be delivered no later than 30 days before the end of fact discovery. The names and subject of expected testimony of all responding expert witnesses shall be delivered no later than 10 days after the date due for the affirmative expert report(s), provided such report(s) have been served.

16. All affirmative expert reports shall be delivered by 1/27/2017. Any such report is to be in the form and content as required **by** Fed.R.Civ.P. 26(a)(2)(B).

17. All responding expert reports shall be delivered by 2/28/2017.

18. All expert discovery, including the completion of depositions, shall be completed by 3/31/2017.

19. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

## VII. FINAL PRETRIAL CONFERENCE

20. A final pretrial conference shall be conducted pursuant to Fed.R.Civ.P. 16(e) on TBD.

21. All counsel are directed to assemble at the office of plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the Final Pretrial Order in the form and content required by the Court. Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

22. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

23. All counsel are responsible for the timely submission of the Pretrial Order and submissions.

24. The original of the Final Pretrial Order shall be delivered to Chambers not later than **forty-eight (48)** hours before the pretrial conference. All counsel are responsible for the timely submission of the Final Pretrial Order.

**25. FAILURE TO FOLLOW THIS ORDER OR ANY SUBSEQUENT SCHEDULING ORDERS WILL RESULT IN SANCTIONS PURSUANT TO**

**Fed.R.Civ.P. 16(f) and 37.**



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/28/2016 12:26:46 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File

5